﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200420-83773
DATE: February 26, 2021

ORDER

Entitlement to service connection for bilateral hearing loss is granted.

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. There is at least an approximate balance of positive and negative evidence as to whether the Veteran’s hearing loss is related to his active duty service.

2. There is at least an approximate balance of positive and negative evidence as to whether the Veteran’s tinnitus is related to his active duty service.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in favor of the Veteran, the criteria for entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309(a).

2. Resolving reasonable doubt in favor of the Veteran, the criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in active duty service with the Army from October 1966 to September 1968.

Procedurally, the Board notes the Veteran’s claim was initially denied in a September 2009 rating decision where the Veteran did not perfect his appeal; therefore, the decision became final. See 38 U.S.C. § 7105 (c); 38 C.F.R. § 20.1103.

In a March 2020 rating decision, the RO found that new and relevant evidence had been received and deemed the bilateral hearing loss and tinnitus claims reconsidered. This decision is binding, and the Board need not consider whether to reopen/reconsider the claim. As the Veteran has appealed this decision, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

The Veteran appealed in April 2020 and selected a hearing request before the Board. The Veteran was afforded a December 2020 hearing before the undersigned Judge. A transcript of the hearing has been associated with the record. As such, the Board may consider the evidence of record at the time of the AOJ decision on appeal, additional evidence submitted on the date of the Board hearing (including testimony), and additional evidence submitted within 90 days of the hearing. Pub. Law 115-55 (Aug. 23, 2017), 131 Stat. 1114 (to be codified at 38 U.S.C. § 7113 (b)).

The Board notes that the March 2020 rating decision found favorable findings to show the Veteran with a current diagnosis for bilateral hearing loss and tinnitus as indicated in a March 2020 VA examination. As such, the Board is bound by these favorable findings. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C. § 7107(a)(2).

Service Connection

Service connection is granted on a direct basis when there is competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. 38 U.S.C. §§ 1110, 1131; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d).

Service connection for chronic diseases listed in 38 U.S.C. sections 1101 (3) and 38 C.F.R. § 3.309(a), such as bilateral sensorineural hearing loss, may be established on a presumptive basis if the chronic disease was shown as chronic in service; manifested to a compensable degree within a presumptive period, usually one year, after separation from service; or was noted in service with continuity of symptomatology since service. 38 U.S.C. §§ 1112, 1113; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); 38 C.F.R. §§ 3.303 (b), 3.307, 3.309(a).

For VA purposes, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz (Hz) is 40 decibels (dB) or greater, the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 dB or greater, or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

When evaluating the evidence and rendering a decision on the merits, the Board is required to assess the credibility and probative value of proffered evidence in the context of the record as a whole. See Evans v. West, 12 Vet. App. 22, 26 (1998). When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. 38 U.S.C. § 5107(b); See Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 C.F.R. § 3.102. The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996).

Bilateral hearing loss and Tinnitus

The Veteran contends that his bilateral hearing loss and tinnitus are related to his active duty service.

As addressed above, the March 2020 rating decision made favorable findings to show the Veteran has a current diagnosis for bilateral hearing loss and tinnitus. Accordingly, the Board is bound by these findings and finds the Veteran with a current disability.

Review of the Veteran’s service treatment records (STRs) shows no documented complaints, treatment, or diagnosis for hearing loss or tinnitus. 

Review of the Veteran’s DD 214 form indicates the Veteran’s military occupational specialty (MOS) as medic specialist or assistant; the form also indicates the Veteran was a medic corpsman.

The Board notes the Veteran’s DD 214 form reflects that he served in Vietnam and received multiple medals, including the National Defense Service Medal, Vietnam Campaign Medal, and Vietnam Service Medal. 

In this case, the Veteran in December 2008 stated that while during the Tet Offensive he was driving a jeep when a blast occurred underneath and hurting both ears. At the Veteran’s December 2020 hearing, the Veteran testified that his duties as a medic required transporting casualties and blood supplies to other medical units and hospitals; the Veteran stated while transporting blood the jeep he was driving ran across something that resulted in an “enormous blast” that caused ringing in his ears and lose his hearing.

The Board notes that an April 2009 VA deferred rating for the Veteran’s bilateral hearing loss and tinnitus requested a VA examination because the Veteran was a “combat Veteran.”

As such, the Board finds the Veteran’s statements credible and consistent with the places, types, and circumstances of his service and reflects that he participated in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality; resolving reasonable doubt, the Board therefore finds the Veteran engaged in combat for the purposes of showing in-service injury of acoustic trauma. VAOPGCPREC 12-99 (defining combat as participating in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality); 38 U.S.C. § 1154 (a); 38 C.F.R. § 3.303 (a) (each disabling condition for which a veteran seeks service connection must be considered based on factors including the basis of places, types, and circumstances of service as shown by service records).

Review of the medical treatment record shows in November 2008 the Veteran reported hearing loss for many years and that background noise was muted.

The Veteran submitted several lay statements in December 2008 from his friends and grandchildren stating the Veteran’s hearing was impaired and could not hear out of his ears. 

In the Veteran’s December 2008 statement, the Veteran stated that the jeep he was driving during the Tet Offensive encountered a blast underneath that hurt both of his ears; the Veteran stated that because of the “intense action and confusion” at the time, the Veteran did not report to the medical facility. The Veteran stated that his hearing has deteriorated and experiences continuous ringing in his ears. In an October 2009 notice of disagreement (NOD), the Veteran reiterated his reluctance to report damage to his ears at the time.

In January 2010 and March 2010 audiology visits, the Veteran reported a gradual decline in hearing and symptoms of tinnitus over the past several years. The Veteran at these visits stated that while in service he was driving a jeep when a landmine detonated nearby with enough force to lift his jeep.

The Veteran was afforded an April 2017 VA examination. The Veteran reported military noise exposure from weapons going off. The Veteran reported recurrent tinnitus described as a “steady type of chirping”; the Veteran was unable to recall when it began but “I can’t remember not having it.”

The VA examiner found it was less likely than not that that the Veteran’s bilateral hearing loss and tinnitus were related to the Veteran’s active duty service. The examiner noted the Veteran did not report any problems with hearing loss or tinnitus in his STRs or any significant threshold shifts in hearing between his March 1966 enlistment and September 1968 separation examination. 

The Veteran was afforded a March 2020 VA examination. The Veteran reported noise exposure from a loud explosion described by the Veteran as from a landmine in service while driving a jeep. The Veteran reported recurrent tinnitus described as a “crickets” and constant in both ears; the Veteran did not know the circumstances of the onset of tinnitus but stated that it had been present for many years.

The VA examiner found it was less likely than not that that the Veteran’s bilateral hearing loss and tinnitus were related to the Veteran’s active duty service. The examiner noted the Veteran did not report any problems with hearing loss or tinnitus in his STRs or any significant threshold shifts in hearing between his March 1966 enlistment and September 1968 separation examination. The examiner also noted that “although noise exposure is conceded by the Veteran and the relationship of noise, auditory damage and hearing loss is well established, auditory damage and hearing loss are not conceded on noise alone.”

At the Veteran’s December 2020 hearing, the Veteran testified that his duties as a medic were transporting hurt people and blood supplies among other medical units and hospitals. The Veteran stated that during the Tet Offensive while transporting blood supplies, he ran over something that caused and enormous blast that left him “devastated…couldn’t hear…[and] there was a lot of ringing in my ears.”

The Veteran notes that there was infantry around his location that did “a lot of cannon-type blasts on a continual basis.” The Veteran stated that he did not report his symptoms at the time because he felt that it was not appropriate given that “a lot was going on…a lot of casualties…a lot of soldiers hurt”; the Veteran stated that there were too many other people that were in “a lot worse shape than I was” and so he felt it was not an appropriate time to report it. The Veteran also stated that he has experienced ringing in his ears ever since the explosion.

Although the Veteran’s service treatment records do not show any complaints or treatment for hearing loss or tinnitus, the Board finds the Veteran is competent to report that he experienced symptoms of hearing loss and tinnitus during this period. His statements are credible and entitled to probative weight, as they are internally consistent and consistent with other evidence of record, which shows that these symptoms combined with his duties and experiences in service were attributable to the Veteran’s current bilateral hearing loss and tinnitus.

The Board notes the April 2017 and March 2020 VA examiners found it less likely than not that the Veteran’s hearing loss and tinnitus were related to his service because of no complaints or diagnoses of hearing loss or tinnitus in service; however, the absence of in-service evidence of a hearing disability during service (i.e., one meeting the requirements of 38 C.F.R. § 3.385) is not always fatal to a service connection claim. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Evidence of a current hearing loss disability and a medically sound basis for attributing that disability to service may serve as a basis for a grant of service connection for hearing loss where there is credible evidence of acoustic trauma due to significant noise exposure in service, post-service audiometric findings meeting the regulatory requirements for hearing loss disability for VA purposes, and a medically sound basis upon which to attribute the post-service findings to the injury in service (as opposed to intercurrent causes). See Hensley v. Brown, 5 Vet. App. 155, 159 (1993). The Board finds there is sufficient evidence to support a link between the Veteran’s diagnosed bilateral hearing loss and tinnitus, and his acoustic trauma in service, despite the examiners’ findings.

As such, in light of the Veteran’s acoustic trauma in service, the current diagnosis of hearing loss and tinnitus, and the Veteran’s credible statements reporting continuity of symptoms since service, the Board finds the evidence is at least in 

 

equipoise. As such, the benefit of the doubt is resolved in the Veteran’s favor and service connection for hearing loss and tinnitus is warranted.

 

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Yang, Attorney-Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.